IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BART A. KENNEDY                                                                          PETITIONER

v.                          NO. 4:21-cv-01223 BRW-PSH

LAFAYETTE WOODS, JR.,                                                            RESPONDENTS
Jefferson County Sheriff;
and STATE OF ARKANSAS

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following proposed Recommendation has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

DISPOSITION

Petitioner Bart A. Kennedy ("Kennedy") began this case by filing what he characterized as a petition for writ of certiorari, a submission the Clerk of the Court ("Clerk") construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. The Court has now reviewed the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. On the basis of that review, the undersigned recommends that the case at bar be dismissed sua sponte because Kennedy's petition was previously considered and rejected by United States District Judge Billy Roy Wilson as a part of Kennedy v. Lafayette Woods, Jr., 4:20-cv-00606-BRW ("4:20-cv-00606").

The record reflects that on May 26, 2020, Kennedy began 4:20-cv-00606 by filing a writ of certiorari, a submission the Clerk construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. In 4:20-cv-00606, Kennedy joined Lafayette Woods, Jr., and the State of Arkansas, the same parties Kennedy joined in the case at bar. In 4:20-cv-00606, Kennedy alleged, in part, that his constitutional right to a speedy trial was being denied him in Jefferson County Circuit Court case CR35-19-39-1. On November 13, 2020, Judge Wilson dismissed 4:20-cv-00606 without

prejudice on grounds of failure to exhaust and abstention. On April 23, 2021, Kennedy filed a post-judgment writ of certiorari in 4:20-cv-00606. See 4:20-cv-00606, Docket Entry 15. In the writ, Kennedy alleged that his constitutional rights to due process and a speedy trial were being denied him in CR35-19-39-1. Kennedy also alleged that attorney C. Burt Newell, the respondents' attorney in 4:20-cv-00606, had made misrepresentations in seeking the dismissal of that case. Judge Wilson denied Kennedy's writ in a text entry entered on the docket on April 23, 2021.

On December 20, 2021, Kennedy began the case at bar by filing what he characterized as a petition for writ of certiorari. The writ was the same writ he filed on April 23, 2021, in 4:20-cv-00606, and the same writ Judge Wilson considered and rejected that same day in 4:20-cv-00606.

The undersigned recognizes that sua sponte dismissals are disfavored. See Haley v. Dormire, 845 F.2d 1488 (8th Cir. 1988). If, however, it plainly appears from the petition and court record that the petitioner is not entitled to relief, the petition must be dismissed. See Gadson v. Arkansas, 2020 WL 5268365 (E.D.Ark. 2020) (Deere, M.J.), report and recommendation adopted, 2020 WL 5259439 (E.D.Ark. 2020) (Moody, J.) (citing Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts).

Here, the petition at bar is the same pleading Judge Wilson considered and rejected on April 23, 2021, in 4:20-cv-00606. It plainly appears from the petition in the case at bar and the court record that Kennedy is not entitled to relief. The undersigned therefore recommends that the case at bar be dismissed <u>sua</u> <u>sponte</u>. All requested relief should be denied, judgment should be entered for the respondents, and a certificate of appealability should be denied.

DATED this 12th day of January, 2022.

_____
UNITED STATES MAGISTRATE JUDGE